UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LELA D. FRENCH, a minor, by next friend, DEBRA K. FRENCH, and DEBRA K. FRENCH, individually, )<br>)<br>)<br>)<br>Plaintiffs, )<br>v. )<br>)<br>ALL CARE MEDICAL CLINIC, INC., )<br>AMANDA M. HARDIN, and )<br>KATHERINE SCHOELLER, individually, )<br>)<br>Defendants. ) | No.: 3:04-CV-382<br>(VARLAN/GUYTON) |
| LELA D. FRENCH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARTHA W. CLINTON, )<br>KATHERINE SCHOELLER, and )<br>AMANDA HARDIN, )<br>)<br>Defendants. ) | No.: 3:06-CV-65<br>(VARLAN/GUYTON) |

## **MEMORANDUM AND ORDER**

These two civil cases are before the Court on motions to dismiss [Doc. 42 in number 3:04-CV-382, Doc. 5 in number 3:06-CV-65] filed by defendant Katherine Schoeller. Defendant Schoeller makes several arguments in support of dismissal in case number 3:04-CV-382, including that plaintiff Lela French has filed case number 3:06-CV-065 seeking recovery for the same injury and that defendant should not be required to defend the same

occurrence in two separate cases. Plaintiff responds [Doc. 47] that she has no objection to the claim against defendant Schoeller in case number 3:04-CV-382 being dismissed and proceeding in the second case. In case number 3:06-CV-65, defendant Schoeller argues that the Court should exercise its discretion to abstain from hearing one of the two cases so that she will not have to defend two separate lawsuits arising out of the same occurrence. In response to this motion [Doc. 10], plaintiff suggests that the claims in case number 3:06-CV-65 should go forward, the claims against defendants Hardin and Schoeller in the first case be dismissed, the claim against All Care Medical Clinic in the first case should go forward, and that these cases be consolidated.

No motion to consolidate has been filed in either case. Nevertheless, the Court finds that consolidation of these two cases would be appropriate as they involve common questions of law and fact. The Court further finds that consolidation would avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a). Accordingly, case number 3:06-CV-65 is hereby **CONSOLIDATED** with case number 3:04-CV-382. Case number 3:04-CV-382 will be the lead case and the parties are hereby **ORDERED** to file all pleadings in case number 3:04-CV-382. Defendant Schoeller's motion to dismiss [Doc. 5] in case number 3:06-CV-65 is **DENIED as moot**.

Defendant Schoeller's motion to dismiss [Doc. 42] in case number 3:04-CV-382 presents two other arguments for dismissal. First, defendant Schoeller argues that the claims against her should be dismissed because plaintiff Lela French was not a minor at the time the Amended Complaint was filed, which added defendant Schoeller as a party defendant, and

2

therefore plaintiff Debra French did not have authority to file suit on her daughter's behalf pursuant to Fed. R. Civ. P. 17(c). Second, defendant Schoeller argues that plaintiff Debra French's claim should be dismissed as it is barred by the one-year statute of limitations for medical malpractice actions set forth in Tenn. Code Ann. §§ 29-26-116, 28-3-104. In support of this motion, defendant points to the Amended Complaint [Doc. 8] which states that the incident complained of occurred on August 20, 2003. The Amended Complaint adding defendant Schoeller was filed on May 4, 2005, more than one year after the injury occurred.

Plaintiff does not directly respond to these arguments other than to note that the second case was filed in order to alleviate any problems with standing due to Lela French obtaining majority after the original complaint was filed, but before the Amended Complaint was filed [Doc. 47].

The Court finds that plaintiff Debra French's claim against defendant Schoeller is time-barred as it was filed more than one year after the alleged injury to her daughter, Lela French, occurred. Accordingly, the defendant's motion to dismiss [Doc. 42] is **GRANTED** to the extent that plaintiff Debra French's claims against defendant Katherine Schoeller are **DISMISSED with prejudice**. Plaintiff Debra French is further ordered to show cause in writing within ten (10) days of the entry of this order why her claims against defendant Hardin should not also be dismissed for the same reason.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE