UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| LELA D. FRENCH, a minor, by next friend, DEBRA K. FRENCH, and DEBRA K. FRENCH, individually, | ) ) ) ) | | |
| Plaintiffs, | ) ) | | |
| v. | ) ) ) | No.: | 3:04-CV-382 3:06-CV-65 (VARLAN/GUYTON) |
| ALL CARE MEDICAL CLINIC, INC., AMANDA M. HARDIN, KATHERINE SCHOELLER, and MARTHA W. CLINTON, | ) ) ) ) ) | | |
| Defendants. | ) | | |

**MEMORANDUM AND ORDER**

This medical malpractice case is before the Court on two pretrial motions: defendant Schoeller's Motion for Summary Judgment [Doc. 15] and defendant Schoeller's Motion to Strike Affidavit of Julie A. Jiles, R.N. [Doc. 32]. The parties have filed extensive briefs and supporting materials regarding these motions [Docs. 16, 17, 23, 33, 34, 35, 41, 48, 50, 56, 58, 59] which the Court has carefully reviewed.

I.

This case arises from plaintiff Lela French's treatment at the All Care Medical Clinic in Sevier County, Tennessee, on August 20, 2003. Plaintiff was examined by defendant Katherine Schoeller, a registered nurse (R.N.) and certified nurse practitioner (CNP), for complaints of nausea, diarrhea, and pain. Schoeller prescribed an intramuscular injection of Phenergan for nausea and Toradol for pain. The injection was administered by defendant

Amanda Hardin, a medical assistant at the clinic. Plaintiff claims that the injection was improperly administered and that she has suffered injury to her sciatic nerve as a result. Plaintiff alleges that Schoeller was negligent in allowing Hardin to administer the injection and further that Schoeller deviated from the standard of care by failing to properly supervise the administration of the injection.

## II.

Under Fed. R. Civ. P. 56(c), summary judgment is proper if "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The burden of establishing there is no genuine issue of material fact lies upon the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury

2

question, and not to weigh the evidence, judge the credibility of witnesses, and determine the truth of the matter. *Id.* at 249. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

### III.

Tennessee's medical malpractice statute, Tenn. Code Ann. § 29-26-115(a), states as follows:

> In a malpractice action, the claimant shall have the burden of proving by evidence as provided by subjection (b): (1) [t]he recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred; (2) [t]hat the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and (3) [a]s a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

Section 29-26-115(b) states in part:

> No person in a health care profession requiring licensure under the laws of this state shall be competent to testify in any court of law to establish the facts required to be established by subjection (a), unless the person was licensed to practice in the state or a contiguous bordering state a profession or specialty which would make the person's expert testimony relevant to the issues in the case and had practiced this profession or specialty in one (1) of these states during the year preceding the date that the alleged injury or wrongful act occurred.[1]

---

[1] The medical malpractice statute may extend to the acts of non-physicians, such as nurses, when they are involved in the medical treatment of a patient. *Gunter v. Laboratory Corp. of Am.*, 121 S.W.3d 636, 640 (Tenn. 2003).

As identified by Tennessee courts, this statute contains five requirements for expert testimony in a medical malpractice case:

> [First,] [t]he affiant must demonstrate that he or she meets the geographic and durational residence and practice requirements. Second, the affiant must demonstrate that he or she practices in a profession or specialty that makes the affiant's opinion relevant to the issues in the case. Third, the affiant must demonstrate that familiarity with the recognized standard of professional practice in the community where the defendant practices or in similar communities. Fourth, the affiant must give an opinion concerning whether the defendant physician met or failed to meet the relevant standard of professional practice. Finally, the affiant must opine whether the defendant physician's negligence more likely than not caused the patient injuries that he or she would not otherwise have suffered.

*Church v. Perales*, 39 S.W.3d 149, 166 (Tenn. Ct. App. 2000).

In the present case, the existence or nonexistence of a disputed material fact depends on the testimony of plaintiff's expert witness, Julie Jiles. Without an opposing expert affidavit, the plaintiff cannot demonstrate the existence of a genuine factual dispute regarding whether Schoeller breached the standard of professional practice in the community. *Kenyon v. Handal*, 122 S.W.3d 743, 758 (Tenn. Ct. App. 2003). Thus, the success of Schoeller's motion for summary judgment depends on whether her motion to strike Jiles's affidavit is granted or denied.

Schoeller's motion for summary judgment argues that she did not deviate from the standard of care either by allowing Hardin to administer the injection to plaintiff or by failing to supervise the administration of the injection. In support of her motion, Schoeller has submitted an affidavit in which she states that she is familiar with the standard of care with respect to the administration of intramuscular injections and that it was not a deviation from

4

the standard of care in Sevier County in August 2003 for a non-licensed medical assistant with the proper training and qualifications to administer injections [Doc. 15-2 at ¶ 8]. Schoeller also states that she did not fall below the standard of care because she was not required to instruct Hardin as to how to administer the injection or to personally witness and directly supervise the actual injection [*Id.* at ¶ 9].

In her initial response to the motion, plaintiff filed the affidavit of Julie A. Jiles, R.N. [Doc. 23-2.] Jiles states that she is familiar with the Tennessee Board of Nursing Rules and Regulations of Registered Nurses and that her affidavit is based on this knowledge as well as her personal knowledge and experience in the practice of nursing in Sevier County, Tennessee, in August 2003, as it pertains to patients who are administered intramuscular injections. [*Id.* at ¶ 4.] Jiles states that the recognized standards of acceptable nursing practice required defendant Schoeller to provide care to the plaintiff in the following ways: (a) administer the injections herself to ensure they were appropriately given; and/or (b) supervise Amanda Hardin in administering the injections to the plaintiff. [*Id.* at ¶ 6.] Thus, Jiles concludes that Schoeller deviated from the applicable standard of acceptable professional practice required of her in that (1) she allowed an unlicensed individual to perform a task (intramuscular injections) without having adequately demonstrated her qualification and competency to perform that task; and (2) she failed to adequately supervise Amanda Hardin's administration of the injections, with the result that the plaintiff sustained injuries to her person that would not otherwise have occurred. [*Id.* at ¶ 10.]

Schoeller responded by moving to strike Jiles's affidavit on two grounds. First, Schoeller argues that Jiles is not competent to testify pursuant to Tenn. Code Ann. § 29-26-115(b) because she was only a licensed practical nurse (L.P.N.) at the time of the subject injection whereas Schoeller was licensed as an advanced practice nurse. Second, Schoeller argues that Jiles's deposition testimony demonstrates that she does not know the recognized standard of acceptable professional practice with respect to the administration of an intramuscular injection in Sevier County, Tennessee, at the time the injection was given nor does she know the standard of care with respect to the supervision of an intramuscular injection. In her deposition testimony, Jiles stated that she became an L.P.N. in 1999 and became an R.N. in November 2003, three months after the injection administered to the plaintiff. Jiles testified that she is familiar with the standard of care for administering intramuscular injections based on the fact that she has done so since 1999 and she was taught in L.P.N. training how to give an intramuscular injection. Jiles's opinion that Schoeller was responsible for Hardin is based on Jiles's personal experience in that she is held accountable for those nursing duties delegated to someone else. Jiles also admitted that her practice does not establish the standard of care.

Defendant Schoeller then filed a supplemental affidavit [Doc. 34, Ex. 1] in which she states that the standard of care in Sevier County in August 2003 required an intramuscular injection of more than one cc in volume to be given in the upper outer quadrant of the buttock, where the injection to the plaintiff was placed. [*Id*. at ¶ 3.] She further states that her delegation of the administration of the injection to plaintiff did not, either under the

6

standard of care in Sevier County or the nursing rules and regulations, require that she personally witness the injection or be in the same room when the injection was given. Instead, her duty with respect to this delegation was satisfied by her personal knowledge of Hardin's competency to administer injections. [*Id*. at ¶ 5.] Schoeller also states that the standard of care in Sevier County in August 2003 permitted the administration of up to three (3) cc of medication with one injection and the injection given to the plaintiff did not exceed 3 cc. [*Id*. at ¶ 6.]

Schoeller also submitted the affidavit of Amy D. Brackins, an advance practice nurse, who testified that she was familiar with the standard of care in Sevier County as of August 2003 as to the utilization of medical assistants working in the office of a licensed physician and it was not a deviation from the standard of care to have allowed Amanda Hardin to administer an intramuscular injection. [Doc. 34, Ex. 2 at ¶ 7.] Brackins opines that Hardin complied with the standard of care in Sevier County in administering the injection to plaintiff if she gave it in the upper outer quadrant of the buttock. [*Id*. at ¶ 8.] Finally, Brackins opines that the standard of care in Sevier County in August 2003 did not require a supervising nurse to be in the same room with a medical assistant at the time of the administration of an intramuscular injection and the injection did not have to be visually observed. [*Id*. at ¶ 9.]

In response to the motion to strike, plaintiff submitted a supplemental affidavit of Jiles [Doc. 41-2]. Jiles first states that although she was not licensed as a registered nurse at the time of plaintiff's injury in August 2003, she had substantially completed her course of study and training as a registered nurse. [*Id*. at ¶ 4.] Jiles also states that there is no difference in

7

the level of licensing with respect to the standard of care for administering an intramuscular injection. [*Id*. at ¶ 5.] With respect to Schoeller's allegation that she does not know the standard of care, Jiles states that, although she may not have skillfully answered the questions posed in her deposition, she does know the standard of care for administering intramuscular injections in Sevier County, Tennessee, because she was mentored as a nurse at Fort Sanders Sevier Medical Center in Sevier County, Tennessee in 1999 and she was taught there how give intramuscular injections. After she was licensed, Jiles continued working in Sevier County and, in her exposure to other professionals in that county who administer intramuscular injections, the standard did not change from what she was taught there. [*Id*. at ¶ 8.] After reviewing plaintiff's medical record and plaintiff's deposition testimony, Jiles concludes that the injection was administered in the midline gluteus maximus and was a deviation from the standard of care. [*Id*. at ¶ 16.] Relying on the plaintiff's testimony that Schoeller mentioned a previous incident, Jiles testified that the fact that there was a previous incident further supports the conclusion that Schoeller was under a duty to supervise the administration of the intramuscular injection by Hardin and further reinforces her opinion that Schoeller deviated from the applicable standard of care in not doing so. [*Id*. at ¶ 17.]

In her reply [Doc. 48], Schoeller argues that Jiles has not rehabilitated herself with regard to the issue of the duties of supervision rather than the administration of the injection itself. Schoeller further argues that Jiles's supplemental affidavit is contradictory to her deposition testimony regarding the standard of care in Sevier County and her contradictory statements cancel each other.

In a supplemental response [Doc. 58], plaintiff argues that whether the injection was negligently administered is a material fact in dispute based on the testimony of Jiles, Schoeller, and Brackins. Plaintiff further argues that whether the state nursing rules and regulations, which require that persons performing nursing tasks have proper instruction and supervised practice, apply to Schoeller's employment at the All Care Medical Clinic is also a material fact in dispute. Finally, plaintiff argues that whether adequate nursing supervision was provided or required is a material fact in dispute.

After carefully reviewing all of the submitted testimony, the Court is constrained to agree with plaintiff that there are genuine issues of material fact in dispute. Schoeller and Brackins have testified that Schoeller did not deviate from the standard of care in delegating the administration of plaintiff's injection to Hardin and that Schoeller did not deviate from the standard of care in not supervising the administration of the injection. Jiles has testified that Schoeller deviated from the standard of care on both counts. Although Jiles was an L.P.N. at the time of plaintiff's injury, neither the medical malpractice statute nor Tennessee courts have required an expert to have the same level of licensure as the defendant. Instead, the plaintiff's expert must practice in a profession or specialty which would make the person's testimony relevant to the issues in the case. Tenn. Code Ann. § 29-26-115(b). *See Searle v. Bryant*, 713 S.W.2d 62, 65 (Tenn. 1986) (statute does not require that the witness practice the same specialty as the defendant, but the witness must be sufficiently familiar with the standard of care of the profession or specialty and be able to give relevant testimony on the issue in question); *Bravo v. Sumner Regional Health Systems, Inc.*, 148 S.W.3d 357,

9

365 (Tenn. Ct. App. 2003). Thus, the Court does not find that Jiles's testimony should be stricken because she does not meet the practice requirements of Tenn. Code Ann. § 29-26-115(b). Defendant's arguments regarding Jiles's qualifications compared to Schoeller's concern the weight that should be given to her opinions and are therefore more appropriately reserved for resolution by the jury. *Stovall v. Clarke*, 113 S.W.3d 715, 725 (Tenn. 2003).

As to whether Jiles's testimony sufficiently demonstrates her familiarity with the standard of care, the Court agrees that this is a closer question. However, careful examination of Jiles's deposition testimony reveals the following exchange:

> Q. And what's the basis for your belief that you understand that standard of care?
> A. I've been administering intramuscular injections safely since 1999.
>
> \* \* \*
>
> Q. Okay. Well, how do you know what it is?
> A. How do I know? We are taught. Because I work within it in the community. That's how you know what it is.
> Q. All right. You were taught in LPN school how to give an IM injection?
> A. Right.
> Q. And that's part of your understanding of the basis of the standard of care, correct?
> A. Yes.

[Doc. 32-2 at pp. 98-99.] In Jiles's supplemental affidavit, which Schoeller claims is contradictory to Jiles's deposition testimony, Jiles states that she knows the standard of care for administering IM injections in Sevier County "because I was mentored as a nurse at Fort Sanders Sevier Medical Center in Sevier County, Tennessee in 1999 and was taught there how to give IM injections by nurses working in Sevier County. After I was licensed, I continued working in Sevier County and, in my exposure to other professionals in that county

10

who administer IM injections, the standard did not change from what I was taught there." [Doc. 41-2 at ¶ 8.] The Court finds this testimony to be supplemental rather than contradictory to her deposition testimony. The affidavit merely provides more details regarding her training and experience in the administration of intramuscular injections.

With respect to the standard of care regarding supervision of the injection, Jiles testified that the state nursing rules and regulations require an R.N. to retain professional accountability for nursing care when persons such as Hardin are performing nursing activities requiring greater skill and knowledge. [Doc. 23-2 at ¶ 9.] Jiles also testified that her opinion regarding the standard of care is based on the nursing rules and regulations and her personal work experience. [Doc. 32-2 at p. 97.] The parties dispute whether the state nursing rules and regulations apply to Schoeller or not. Jiles testified that she is familiar with the state nursing rules and regulations and that they do apply to Schoeller's employment with All Care Medical Clinic. Schoeller asserts that these rules do not apply to persons employed in the office of a licensed physician. However, it is unclear whether All Care Medical Clinic is the office of a licensed physician based on Schoeller's testimony that the Clinic is owned and operated by defendant Martha Clinton, a nurse practitioner. While Jiles's testimony on the standard of care regarding supervision may be subject to vigorous cross-examination, the Court cannot conclude at this juncture that she is not sufficiently familiar with the standard of care to present relevant testimony on the issue.

Therefore, the Court concludes that Jiles has satisfied the requirements of Tenn. Code Ann. § 29-26-115 and may present her opinions to the jury. The defendant's motion to strike

11

[Doc. 32] will be denied.  Accordingly, because Jiles's testimony presents genuine issues of material fact in dispute, the defendant's motion for summary judgment [Doc. 15] will also be denied.

## IV.

For all of the reasons set forth herein, the defendant's motion to strike [Doc. 32] is hereby **DENIED** and the defendant's motion for summary judgment [Doc. 15] is **DENIED**.

IT IS SO ORDERED.

                                              s/ Thomas A. Varlan  
                                              UNITED STATES DISTRICT JUDGE